## ANDRÉS ORSINI

### v.

## ENRIQUE FERRER Y AYMAT ET AL.

---

Mayaguez, Equity, No. 186.

1. A bill in the nature of a creditors' bill to set aside certain mortgages and conveyances and to subject the lands to an execution issued in a law action must show specifically when the abstract of judgment was filed with the registrar and what it contained.

2. The filing of such an abstract could not give a lien on real estate not standing on the record in the name of the defendant in judgment.

Opinion filed June 29, 1907.

*Messrs. Horton & Cornwell,* solicitors for complainant.

*Mr. Jorge V. Dominguez,* solicitor for defendants.

RODEY, Judge, delivered the following opinion:

This appears to be a peculiar sort of proceeding. It is a bill in equity recently filed, alleging that on February 28, 1903, more than four years ago, the complainant obtained a judgment on the law side of this court against one Anselmo Ferrer, amounting, with interest and costs, at that time to $1,315. That complainant has since, but he doesn't say when, "filed a transcript of said judgment in the office of the registry of property of Mayaguez, thereby subjecting all of the real property of the said Anselmo Ferrer, now deceased, to the lien of your orator."

He then alleges that while the said Anselmo Ferrer was already owing a considerable portion of the debt on which said judgment was afterwards obtained, the latter did, on May 10, 1899, or some four years before the judgment aforesaid was obtained, execute a certain fraudulent and fictitious mortgage for the alleged sum of $4,015.22, provincial money, upon a piece of property, a description of which is set out in the bill. That said mortgage was executed in favor of one Andreu Ferrer, a respondent in this present proceeding, and that it was without consideration and made for the purpose of covering up the assets of said Anselmo Ferrer and of defrauding his creditors. That thereafter, on the 16th day of May, 1902, a little over nine months before the obtaining of the judgment first above mentioned, the said debtor, Anselmo Ferrer, further to cover up his said property, did execute another second mortgage for the sum of $5,678.34 in favor of another respondent

in this proceeding, named Adolfo Hau, and another mortgage for the sum of $1,321.06 in favor of another respondent named José Andreu Ferrer; and that in order to further cover up and hide the property referred to, the said Anselmo Ferrer did, on the 7th day of January, 1903, or still a month and two thirds before the obtaining of the judgment first mentioned, but while the suit upon which said judgment was finally obtained was pending, execute "a false, simulated, and fraudulent deed of sale of and to the above-described property to one Salvador Vivas, and that said latter person thereupon, on the same day, that is to say, on the 7th day of January, 1903, did execute a certain other false and fraudulent deed of and to the said property to the respondent Francisco Antonijuan."

That all of these transfers were made without consideration and for the purpose of defrauding complainant and other creditors of said principal respondent, Anselmo Ferrer.

That Anselmo Ferrer has since died, leaving as heirs the respondents Enrique, Maria de los Dolores, Isabel, and Francisco Ferrer y Aymat and Teresa, Marío, and María Andreu y Aymat, and further alleges that there is no property belonging to said succession subject to execution.

The reason we stated at the outset that this was a peculiar proceeding is because counsel for complainant in their brief contend that it is not a creditors' bill, but a bill to enforce a judgment lien that they have secured on the property described.

The respondents filed a general demurrer and allege that the complaint does not state a cause of action because it sets out that the mortgages were executed long before the date of the judgment, and does not say that the debt was owing to the complainant personally, and does not allege that the remedy at law has

Orsini v. Ferrer y Aymat.

been exhausted by showing execution issued and returned *nulla*
*bona* on the judgment at law before the filing of the bill.

After examining the complaint, we feel that it is inadequate
in many respects. First, we cannot conceive how a judgment
lien on this particular property could be obtained under the local
statute or in any other manner, when the property did not
stand in the name of the defendant in the suit at law at the time
the judgment was obtained in that suit.

Next, we do not think the allegation that "a transcript of
judgment has since been filed in the office of the registry of
property at Mayaguez" is sufficient. It should state the time
it was filed and what it contained, so that the court may see
whether it was notice to anybody under the rule in Romeu v.
Todd, recently decided by the Supreme Court of the United
States [206 U. S. 358, 51 L. ed. 1093, 27 Sup. Ct. Rep. 724],
and cited in Will v. Tornabells, in a recent decision by this
court [2 Porto Rico Fed. Rep. 165].

Therefore, without holding specifically at this time that this
is a suit brought to set aside a transfer in fraud of creditors,
and without holding that under the rule laid down in Romeu v.
Todd, supra, a bill to set aside such a transfer must be brought
within one year, and without holding the effect of the lack of
the filing of a warning notice of *lis pendens* with the registrar
of property, or the lack of execution returned *nulla bona*, we
still believe that the complaint is very inartificially drawn and
decidedly insufficient in all of the matters here referred to.

Therefore an order will be entered that unless the same is
amended so as to show the facts above pointed out, within ten
days after the filing of this statement, the demurrer to the same
will stand sustained and the cause will stand dismissed with
costs, without further action by the court. In case the bill is

so amended, the respondents will have the right as usual to plead, answer, or demur thereto in its amended form, invoking any of the rules in this statement referred to, as they may deem advisable.